UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GREGORY DARRYL JOHNSON, JR.,

      Petitioner,

v.                                                    Case No. 1:15-CV-655

MARY BERGHUIS,                         HON. GORDON J. QUIST

      Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Gregory Darryl Johnson, Jr., has filed an Objection to Magistrate Hugh W. Brenneman's July 14, 2015 Report and Recommendation (R & R) (dkt. # 6), in which the magistrate judge recommends that the Court deny the habeas corpus petition. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R and Petitioner's Objection, the Court will adopt the R & R and overrule Petitioner's Objection.

Petitioner pled guilty to a drug crime in Ottawa County Circuit Court. On November 28, 2011, the trial court sentenced Petitioner. He did not appeal his conviction. On January 30, 2014, Petitioner filed a motion for relief from judgment in the trial court. Thereafter, Petitioner sought leave to appeal to the Michigan Court of Appeals and the Michigan Supreme Court, but those requests were denied. Petitioner filed a habeas petition in this Court on June 17, 2015.

A habeas petitioner must file a petition within one year of the date on which the conviction became final. *See* 28 U.S.C. § 2244(d)(1). In this case, Petitioner's conviction became final upon the deadline for seeking appeal of his conviction—May 28, 2012. Thus, he had until May 28, 2013 to file a petition in this Court. However, he did not file anything attacking his conviction—in this Court or state court—until January 30, 2014.

Petitioner argues that he could not file an appeal because his appellate attorney withdrew and the trial court did not appoint him a new attorney. Petitioner contends that any delay in filing was attributable to the denial of his right to counsel, and that he could not be expected to litigate his case or follow procedural rules without the assistance of counsel. Although he does not label it as such, the Court construes this as an argument for equitable tolling.

Pursuant to the doctrine of equitable tolling, a court may excuse late-filed habeas claims in appropriate circumstances. *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007) (citing *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005)). Equitable tolling is "available only in compelling circumstances which justify a departure from established procedures." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989). The doctrine is "used sparingly by federal courts. 'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control.'" *Jurado v. Burt*, 337 F.2d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)) (citations omitted). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)).

Petitioner cannot demonstrate that he diligently pursued his rights. He waited over two years after he was sentenced to file anything attacking his conviction. Moreover, Petitioner is not excused from following procedural rules simply because he did not have counsel. On the contrary, the Sixth Circuit has held that ignorance of the law alone does not warrant equitable tolling. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). In short, Petitioner cannot satisfy either of the necessary grounds for equitable tolling.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation issued July 14, 2015 (dkt. #6) is **ADOPTED** as the Opinion of the Court, and Petitioner's Petition (dkt. #1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Objection to the R & R (dkt. #7) is **OVERRULED**.

**This case is concluded.**

**A separate judgment will issue.**

Dated: July 30, 2015                              /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE